■ FRANCESCO DE MASI, Doing Business as JOSEPH ELIA, Respondent, v. CARMELO CARROZZA et al., Appellants.— In an action for work, labor and services, defendants appeal from an order of the Supreme Court, Kings County, dated February 19, 1971, which granted their motion to dismiss the complaint, pursuant to CPLR 3216, for unreasonably neglecting to proceed with the prosecution of the action, but further directed that the complaint was to be dismissed only if plaintiff failed to serve and file a note of issue within a stated time. Order modified, on the law and in the exercise of discretion, by striking therefrom the second decretal paragraph thereof, which provided for the condition to the granting of the motion, and by substituting therefor a provision that the complaint is dismissed. As so modified, order affirmed, with $10 costs and disbursements to appellants. Plaintiff failed to comply with the 45-day rule set forth in CPLR 3216 and did not show a justifiable excuse for his delay in prosecuting the action, which was commenced in 1965. Accordingly, it was an improvident exercise of discretion not to have unconditionally granted the motion to dismiss (cf. Navillus, Inc. v. Guggino, 34 A D 2d 648). Rabin, P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ ANTOINETTE GALIO et al., Respondents, v. HUGO RESTREPO et al., Defendants, and ALFONZO VACCARO et al.. Appellants.— In a negligence action to recover damages for personal injury, defendants Vaccaro and Cortelli appeal from an order of the Supreme Court, Kings County, dated July 1, 1970, which inter alia denied their motion, pursuant to CPLR 3012 (subd. [b]), to dismiss the action for failure to serve a complaint. Order reversed, on the facts and in the exercise of discretion, with $10 costs and disbursements; motion granted; and action dismissed. Plaintiffs failed to adequately excuse the 14-month delay in service of the complaint and to submit a proper affidavit of merits. Under these circumstances, the denial of the motion to dismiss the action was an improvident exercise of discretion by the Special Term. Rabin, P. J., Munder, Martuscello and Latham, JJ., concur; Shapiro, J., not voting.

■ ANTOINETTE GALIO et al., Appellants, v. HUGO RESTREPO et al., Defendants, and MARIO RESTREPO, Respondent.— In a negligence action to recover damages for personal injury, plaintiffs appeal from an order of the Supreme Court, Kings County, entered November 4, 1970, which granted the motion of defendant Mario Restrepo to dismiss the action pursuant to CPLR 3211, 3215 (subd. [c]). Appeal dismissed, unless appellants file and serve a proper appendix within 30 days after entry of the order hereon (see Galio v. Restrepo, 38 A D 2d 586); and respondent is granted $10 costs and disbursements. The appendix submitted on this appeal is insufficient to adequately review the order of Special Term. Rabin, P. J., Munder, Martuscello and Latham, JJ., concur; Shapiro, J., not voting.